United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
MODIVCARE INC., *et al.*, : Case No. 25-90309 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

### INTERIM ORDER (A) AUTHORIZING DEBTORS TO PAY PREPETITION TRADE CLAIMS IN THE ORDINARY COURSE OF BUSINESS, AND (B) GRANTING RELATED RELIEF
**[Relates to Docket No. 6]**

Upon the emergency motion (the "*Motion*")[2] of the Debtors for entry of an interim order (this "*Interim Order*") (a) authorizing the Debtors to pay, in the ordinary course of business, the undisputed prepetition Trade Claims of the Trade Vendors and (b) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "*Chapter 11 Cases*") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/ModivCare. Debtor ModivCare Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 6900 E. Layton Avenue, Suite 1100 & 1200, Denver, Colorado 80237.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

further notice is necessary; except as set forth in this Interim Order with respect to notice of the final hearing; and upon the record herein; and after due deliberation thereon; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that there is good and sufficient cause for the relief granted in this Interim Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized, but not directed, to pay, or cause to be paid, in the reasonable exercise of their business judgment and as they deem necessary in their discretion, some or all of the undisputed prepetition Trade Claims of the Trade Vendors described in the Motion (including, but not limited to, the Critical Vendor Claims, Foreign Vendor Claims, Lienholder Claims, and Other Trade Claims), in the ordinary course of business and consistent with their past practices; *provided, however* that payments to Trade Vendors pursuant to this Interim Order shall not in the aggregate exceed $99 million. In the event the Debtors believe that a particular payment to a Critical Vendor will cause them to exceed this amount during the interim period, the Debtors shall file a notice with the Court describing the category and overage amount prior to making any further payments. If no objections are filed with the Court and served on the Debtors within five business days, such overage shall be authorized to be paid. Payments authorized under this Interim Order are subject to the following:

   a. The Debtors, in their discretion and subject to the limitations set forth below, shall determine which undisputed prepetition Trade Claims, if any, will be paid pursuant to this Interim Order.

   b. If a creditor accepts payment under this Interim Order, such creditor is deemed to have agreed to continue to provide goods or services to the Debtors on terms that are as good as or better than the terms and conditions, including credit terms, that existed 180 days before the Petition Date (before any unilateral acceleration), or on other terms satisfactory to the Debtors in their business judgment (the "**Customary Trade Terms**"), during the pendency of and after the Chapter 11 Cases. Any Trade Vendor that accepts an order of goods or services from the Debtors after the entry

2

        of this Interim Order shall be deemed to have agreed to provide goods or services on Customary Trade Terms, regardless of the existence of prepetition amounts owed.

c.     In the event that the relationship between a creditor accepting payment under this Interim Order and the Debtors does not extend to 180 days before the Petition Date, the Customary Trade Terms shall mean the terms that the creditor generally extends to its customers or such terms as are acceptable to the Debtors in their business judgment.

d.     If a creditor accepts payment under this Interim Order and thereafter does not continue to provide goods or services on at least the Customary Trade Terms during the pendency of the Chapter 11 Cases, then (i) any payment on a prepetition claim received by such creditor shall be deemed to be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code and, therefore, recoverable by the Debtors in cash upon written request (or to deem such payment to apply instead to any postpetition amount that may be owing to such creditor) and (ii) upon recovery by the Debtors (or deemed postpetition payment), any such prepetition claim shall be reinstated as if the payment had not been made, and (iii) the Debtors are authorized to pursue any other remedy available to them under this Order, applicable law, or any executed agreement with such party.

e.     If the Debtors seek to recover a payment from (or reallocate a payment to) a creditor because the creditor does not continue to provide goods or services to the Debtors on at least the Customary Trade Terms during the pendency of the Chapter 11 Cases, the creditor may contest such action by making a written request (a "***Request***") to the Debtors to schedule a hearing before this Court. If a Request is made, the Debtors shall provide notice of a hearing on such Request to the creditor making the Request and other interested parties in accordance with the Bankruptcy Code and the orders of this Court.

f.     Before making a payment to a creditor under this Interim Order, the Debtors may, in their discretion, settle all or some of the prepetition claims of such creditor for less than their face amount without further notice or hearing.

g.     Any party that **accepts** payment from the Debtors pursuant to this Interim Order is deemed to have voluntarily submitted themselves to the jurisdiction of this Court.

h.     Notwithstanding anything in this Interim Order to the contrary, the Debtors are not authorized to pay claims of "insider[s]" (as that term is defined in section 101(31) of the Bankruptcy Code), employees, or "professional persons" (as that phrase appears in section 327(a) of the Bankruptcy Code) pursuant to this Interim Order. Nothing herein shall impair or prejudice the rights of the U.S. Trustee or any other party in interest to object to and seek the return of any payment made pursuant to this Interim Order to an insider of the Debtors, and all rights of the Debtors and the

      relevant insider are reserved to respond to any such objection. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall provide three (3) business days' advance notice and opportunity to object to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and First Lien Agent and Consenting Creditor Counsel (Attn: Kris Hansen, and Matt Warren (krishansen@paulhastings.com, and mattwarren@paulhastings.com)); provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

i. The Debtors will ensure that the payments made pursuant to this Interim Order are reflected on their books and records such that they are identifiable as payments made on account of prepetition claims.

j. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the aggregate amount of payments made to each category of Trade Claims, as further described and classified in the Motion; (b) the Debtor or Debtors that made the payment; and (c) the payment date. On the last business day of each month and ending upon entry of an order confirming a plan or dismissing or converting the Chapter 11 Cases, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the First Lien Agent and Consenting Creditors, and any statutory committee appointed in these Chapter 11 Cases covering all payments made pursuant to this Interim Order during the prior month.

k. Prior to the entry of a Final Order, the Debtors shall not pay any obligations under this Interim Order unless they are due or are deemed necessary to be paid in the Debtors' business judgment to ensure the ongoing provision of goods or services or otherwise to avoid an adverse effect on the Debtors' operations.

l. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Trade Vendors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claim on any grounds.

4

2. The Debtors are authorized, but not directed, in their discretion, to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment of goods or provision of services under the Prepetition Purchase Orders consistent with their customary past practice. Further, the undisputed obligations of the Debtors arising under the Prepetition Purchase Orders shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

3. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations (whether such checks or fund transfers were presented before or after the petition date), to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

4. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

5. Nothing in the Motion or this Interim Order, nor the Debtors' implementation of the relief granted in this Interim Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Trade Vendors, including

the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or acceptable goods, or (d) contest the amount of any invoice or claim on any grounds.

6. Nothing in the Motion or this Interim Order, or any payment made pursuant to this Interim Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.  Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

7. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith

governing any such postpetition financing and/or use of cash collateral (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

8. Notwithstanding anything to the contrary herein, the Debtors will take reasonable efforts to provide a copy of this Interim Order to any creditor or Trade Vendor when making any payment pursuant to this Interim Order (unless previously provided to such party).

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

11. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

12. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

13. The final hearing on the Motion (the "**Final Hearing**") shall be held on September 16, 2025, at 9:00 A.M., prevailing Central Time. Any objections or responses to entry of the Final Order granting the relief requested in the Motion shall be filed on or before 5:00pm, prevailing Central Time, on September 10, 2025. If no objections are timely filed and served, the Court may enter the Final Order without conducting the Final Hearing.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Signed: August 21, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge