United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 21, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x
In re:                          :    Chapter 11
                                :
MODIVCARE INC., *et al.*,       :    Case No. 25-90309 (ARP)
                                :
            Debtors.[1]    :    (Jointly Administered)
                                :
---------------------------------------------------------- x

**ORDER ESTABLISHING (A) BAR DATES AND RELATED PROCEDURES
FOR FILING PROOFS OF CLAIM, (B) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, AND (C) GRANTING RELATED RELIEF**
**[Relates to Docket No. 19]**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Bar Date***
***Order***") establishing (a) Bar Dates and related procedures for filing Proofs of Claim, (b) approving
the form, scope and manner of notice thereof (the "***Bar Date Notice***"), and (c) granting related
relief, and the Court having reviewed the Motion and the First Day Declaration; and the Court
having jurisdiction to consider the Motion and the relief requested therein in accordance with 28
U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §
157(b)(2) and that this Court may enter a final order consistent with Article III of the United States
Constitution; and the Court having found that venue of this proceeding and the Motion in this
district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate
notice of the Motion has been given and that no other or further notice is necessary; and all

---

[1]    A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits
of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors'
proposed claims and noticing agent at https:// https://www.veritaglobal.net/ModivCare.  Debtor ModivCare Inc.'s
principal place of business and the Debtors' service address in the Chapter 11 Cases is 6900 E. Layton Avenue,
Suite 1100 & 1200, Denver, Colorado 80237.

[2]    Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the
Motion.

objections, if any, to entry of this Bar Date Order having been withdrawn, resolved, or overruled; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in the Bar Date Order, it is hereby

**ORDERED THAT:**

1.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order, as set forth below.

2.      The Court hereby approves (a) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached to this Bar Date Order as Exhibit 1, Exhibit 2 and Exhibit 3, respectively, and (b) the manner of providing notice of the Bar Dates as described in the Motion; *provided, however*, that if a party is not served the Bar Date Notice and the Proof of Claim Form within five business days after entry of this Bar Date Order, then such party shall have until the later of (a) October 1, 2025, at 5:00 p.m. (Prevailing Central Time) (the "***General Bar Date***") or (b) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days from the date that the Debtors serve the Bar Date Notice and the Proof of Claim Form on such party to file a Proof of Claim that complies with the requirements set forth herein.

3.      Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to August 20, 2025 (the "***Petition Date***") and whose claim is either (a) not listed on the Debtors' schedules of assets and liabilities (collectively, the "***Schedules***") or (b) is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim on or prior to the General Bar Date, October 1, 2025, at 5:00 p.m. (Prevailing Central Time) as provided in this Bar Date Order.

4.    Notwithstanding paragraph 2 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is February 16, 2026 at 5:00 p.m. (Prevailing Central Time) (the "***Governmental Bar Date***").

5.    Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claim, the "***Claimant***"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

6.    All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the online Proof of Claim Form available at https://www.veritaglobal.net/ModivCare) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC dba Verita Global (the "***Agent***"), by no later than 5:00 p.m. (Prevailing Central Time) on or before the applicable Bar Date at the following address:

> ModivCare Inc. Claims Processing Center
> c/o KCC dba Verita
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245

7.     A Proof of Claim must satisfy all of the following requirements to be considered properly and timely filed in the Chapter 11 Cases:

    a.     be **actually received** by the Agent as described in paragraph 6 above by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the Proof of Claim Form available on the Agent's website on or before the applicable Bar Date;

    b.     be signed by the Claimant;

    c.     be written in the English language;

    d.     be denominated in lawful currency of the United States;

    e.     conform substantially to the Proof of Claim Form or Official Form 410;

    f.     specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor;

    g.     set forth with specificity the legal and factual basis for the alleged claim; and

    h.     include supporting documentation or an explanation as to why such documentation is not available.

8.     Proofs of Claim sent to the Agent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in the Chapter 11 Cases.

9.     Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

    a.     a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or the Agent in a form substantially similar to Official Bankruptcy Form No. 410;

    b.     a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

    c.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

    d.      an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

    e.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

    f.      a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    g.      a claim of any Debtor against another Debtor;

    h.      any fees payable to the U.S. Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

    i.      a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

    j.      pursuant to the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing  (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Authorizing the Use of Cash Collateral, (D) Modifying the Automatic Stay, (E) Scheduling a Final Hearing, And (F) Granting Related Relief* (the "***Interim DIP Order***") and any subsequent interim or final order granting such related relief, the DIP Lenders and the Prepetition Lenders (each as defined in the Interim DIP Order) shall not be required to file Proofs of Claim in any of the Chapter 11 Cases, for any claim allowed in the Interim DIP Order (each as defined in the Interim DIP Order).

10.    Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 8 above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph 9 above.

11.    Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "***Interest Holder***") is not required to file a proof of interest on or before the applicable Bar Date; *provided, however*, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership

or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

12.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors.

13.     If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date or (b) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

14.     Within five business days after entry of this Bar Date Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

      a.     all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Top 30 List and in the Schedules at the addresses set forth therein as potentially holding claims;

      b.     all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

      c.     all parties that have filed Proofs of Claim in the Chapter 11 Cases as of the date of the Bar Date Order;

  d. all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

  e. all known parties to executory contracts and unexpired leases with the Debtors, as indicated on the Schedules;

  f. all known parties to litigation with the Debtors;

  g. all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

  h. the Securities and Exchange Commission;

  i. all regulatory authorities that regulate the Debtors' businesses including environmental and permitting authorities;

  j. the United States Attorney for the Southern District of Texas;

  k. the Offices of the Attorney General for each of the states in which the Debtors operate;

  l. all other entities listed on the Debtors' Creditor Matrix; and

  m. counsel (if known) to any of the foregoing.

15. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Bar Date Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

16. To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

17. Pursuant to Bankruptcy Rule 2002(l), the Debtors shall cause the Publication Notice to be published once in *The New York Times* and such other local newspapers, trade journals or similar publications, if any, as the Debtors deem appropriate, as soon as practicable after entry of this Bar Date Order but no later than 21 days before the General Bar Date.  Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

18.      Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

19.      Claimants filing claims under section 503(b)(9) of the Bankruptcy Code (or proofs thereof) shall attach to the Proof of Claim a supplemental statement setting forth with specificity: (a) the date of shipment of the goods the Claimant contends the Debtors received in the twenty 20 days before the Petition Date; (b) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the 20 days before the Petition Date; (c) the value of the goods the Claimant contends the Debtors received in the 20 days before the Petition Date; and (d) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand.

20.      Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

21.      Nothing contained in this Bar Date Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof;

(b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing contained in this Bar Date Order, the Publication Notice or the Bar Date Notice is intended or shall be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

22.     The provisions of this Bar Date Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

23.     All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in the Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

24.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Bar Date Order shall be effective and enforceable immediately upon entry hereof.

25.     The Debtors and the Agent are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Bar Date Order.

26.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.


Signed: August 21, 2025


Alfredo R Pérez
United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
MODIVCARE INC., *et al.*,                                 :    Case No. 25-90309 (ARP)
                                                          :
                      Debtors.[1]                         :    (Joint Administration Requested)
                                                          :
---------------------------------------------------------- x

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

> **IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU MUST FILE YOUR PROOF OF CLAIM ON OR BEFORE THE GENERAL BAR DATE OF OCTOBER 1, 2025, AT 5:00 P.M. (PREVAILING CENTRAL TIME).**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| A.E. Medical Alert, Inc. | 25-90308 |
| ModivCare Inc. | 25-90309 |
| A & B Homecare Solutions, L.L.C. | 25-90310 |
| ABC Homecare LLC | 25-90311 |
| All Metro Aids, Inc. | 25-90312 |
| All Metro Associate Payroll Services Corporation | 25-90313 |
| All Metro CGA Payroll Services Corporation | 25-90314 |
| All Metro Field Service Workers Payroll Services Corporation | 25-90315 |
| All Metro Health Care Services, Inc. | 25-90316 |
| All Metro Home Care Services of Florida, Inc. | 25-90317 |
| All Metro Home Care Services of New Jersey, Inc. | 25-90318 |
| All Metro Home Care Services of New York, Inc. | 25-90319 |
| All Metro Home Care Services, Inc. | 25-90320 |
| All Metro Management and Payroll Services Corporation | 25-90321 |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https:// https://www.veritaglobal.net/ModivCare.  Debtor ModivCare Inc.'s principal place of business and the Debtors' service address in the Chapter 11 Cases is 6900 E. Layton Avenue, Suite 1100 & 1200, Denver, Colorado 80237.

| | |
|---|---|
| All Metro Payroll Services Corporation | 25-90322 |
| AM Holdco, Inc. | 25-90323 |
| AM Intermediate Holdco, Inc. | 25-90324 |
| Arsens Home Care, Inc. | 25-90325 |
| ARU Hospice, Inc. | 25-90326 |
| Associated Home Services, Inc. | 25-90327 |
| At-Home Quality Care, LLC | 25-90328 |
| Auditory Response Systems, Inc. | 25-90329 |
| Barney's Medical Alert-ERS, Inc. | 25-90330 |
| California MedTrans Network IPA LLC | 25-90331 |
| California MedTrans Network MSO LLC | 25-90332 |
| Care Finders Total Care LLC | 25-90333 |
| CareGivers Alliance, LLC | 25-90334 |
| CareGivers America Home Health Services, LLC | 25-90335 |
| CareGivers America Medical Staffing, LLC | 25-90336 |
| CareGivers America Medical Supply, LLC | 25-90337 |
| CareGivers America Registry, LLC | 25-90338 |
| Caregivers America, LLC. | 25-90339 |
| Caregivers On Call, Inc. | 25-90340 |
| CGA Holdco, Inc. | 25-90341 |
| CGA Staffing Services, LLC | 25-90342 |
| Circulation, Inc. | 25-90343 |
| Florida MedTrans Network LLC | 25-90344 |
| Florida MedTrans Network MSO LLC | 25-90345 |
| Guardian Medical Monitoring, LLC | 25-90346 |
| Health Trans, Inc. | 25-90347 |
| Healthcom Holdings LLC | 25-90348 |
| Healthcom, Inc. | 25-90349 |
| Helping Hand Home Health Care Agency Inc | 25-90350 |
| Helping Hand Hospice Inc. | 25-90351 |
| Higi Care Holdings, LLC | 25-90352 |
| Higi Care, LLC | 25-90353 |
| Higi SH Holdings Inc. | 25-90354 |
| Higi SH LLC | 25-90355 |
| Independence Healthcare Corporation | 25-90356 |
| Metropolitan Medical Transportation IPA, LLC | 25-90357 |
| MLA Sales, LLC | 25-90358 |
| ModivCare Solutions, LLC | 25-90359 |
| Multicultural Home Care Inc. | 25-90360 |
| National Medtrans, LLC | 25-90361 |
| New England Emergency Response Systems, Inc. | 25-90363 |
| OEP AM, Inc. | 25-90365 |
| Panhandle Support Services, Inc. | 25-90366 |
| Personal In-Home Services, Inc. | 25-90368 |
| Philadelphia Home Care Agency, Inc. | 25-90371 |

| | |
|---|---|
| Provado Technologies, LLC | 25-90362 |
| Red Top Transportation, Inc. | 25-90364 |
| Ride Plus, LLC | 25-90367 |
| Safe Living Technologies, LLC | 25-90369 |
| Secura Home Health Holdings, Inc. | 25-90370 |
| Secura Home Health, LLC | 25-90372 |
| Socrates Health Holdings, LLC | 25-90373 |
| TriMed, LLC | 25-90374 |
| Union Home Care LLC | 25-90375 |
| Valued Relationships, Inc. | 25-90376 |
| Victory Health Holdings, LLC | 25-90377 |
| VRI Intermediate Holdings, LLC | 25-90378 |

**PLEASE TAKE NOTICE THAT:**

On August 20, 2025 (the "***Petition Date***"), ModivCare Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), each filed a voluntary petition for relief under title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").

On August 21, 2025 the Court entered an order [Docket No. [●]] (the "***Bar Date Order***")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("***Proofs of Claim***").

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all claims against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

For your convenience, enclosed with this notice (this "***Notice***") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any.  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND *DISCUSS* IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## I. THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in the Chapter 11 Cases (the "***Bar Dates***").

a. **The General Bar Date.** Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim so that they are **actually received on or before October 1, 2025, at 5:00 p.m. (prevailing Central Time)**. Except as expressly set forth in this Notice and the Bar Date Order, the General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b. **The Governmental Bar Date.** Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim so that they are **actually received on or before February 16, 2026, at 5:00 p.m. (prevailing Central Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid

taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

    c.    **The Rejection Damages Bar Date.** Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim so that they are **actually received on or before the later of (i) the General Bar Date or the Governmental Bar Date,** as applicable, and **(ii) 5:00 p.m., prevailing Central Time, on the date that is 21 days following entry of the order approving the rejection of the applicable executory contract or unexpired lease.**

    **THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THE CHAPTER 11 CASES.**

## II.    PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

    Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

    Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim. No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the Bar Date**.

    THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

    Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "*Interest Holder*") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of

interest. If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors.

**III.      PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM**

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claims:

a.      a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC dba Verita Global (the "***Agent***") in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.      an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f.      a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g.      a claim of any Debtor against another Debtor;

h.      any fees payable to the U.S. Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

      i.        a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

      j.        pursuant to the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing  (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Authorizing the Use of Cash Collateral, (D) Modifying the Automatic Stay, (E) Scheduling a Final Hearing, And (F) Granting Related Relief* (the "***Interim DIP Order***") and any subsequent interim or final order granting such related relief, the DIP Lenders and the Prepetition Lenders (each as defined in the Interim DIP Order) shall not be required to file proofs of claim in any of the Chapter 11 Cases, for any claim allowed in the Interim DIP Order (each as defined in the Interim DIP Order).

      **Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to clauses (a)-(j) of the above paragraph <u>must still properly and timely file</u> a Proof of Claim for any other claim that does not fall within the exemptions provided above.**  As set forth in clause (e) above, creditors are not required to file a Proof of Claim with respect to any amounts already paid by the Debtors.

## IV.      INSTRUCTIONS FOR FILING PROOFS OF CLAIM

      The following requirements shall apply with respect to filing and preparing each Proof of Claim:

      a.        **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the Claimant or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

      b.        **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

      c.        **Electronic Signatures Permitted**.  Only original Proofs of Claim signed electronically or in ink by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.      **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the lead case number (25-90309 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against the Debtor parent entity, ModivCare Inc.

e.      **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against the Debtor parent entity, ModivCare Inc.

f.      **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten days from the date of such request.   Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.      **Timely Service**.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on the Agent's website at https://www.veritaglobal.net/ModivCare or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by the Agent on or before the General Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

ModivCare Inc. Claims Processing Center
c/o KCC dba Verita
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.      **Receipt of Service**.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Agent) and (ii) a self-addressed, stamped envelope.

V.      **CONTINGENT CLAIMS**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

VI.     **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.      YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.      THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.      SUBJECT TO THE SOLICITATION PROCEDURES, YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

VII.    **THE DEBTORS' SCHEDULES**

You may be listed as the holder of a claim against the Debtors in the Schedules.  The Schedules will be available free of charge on the Agent's website at https://www.veritaglobal.net/ModivCare.  If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in the Chapter 11 Cases with respect to such claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date or

(b) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

## VIII.     RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.  In addition, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

## IX.     ADDITIONAL INFORMATION

Copies of the Bar Date Order, and other information regarding the Chapter 11 Cases are available for inspection free of charge on the Debtors' website at https://www.veritaglobal.net/ModivCare. The other filings in the Chapter 11 Cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/.  A login identification and password to the Court's Public Access to Court Electronic Records ("*PACER*") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.uscourts.gov.  Copies of the other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: 888-733-1521 (Toll Free U.S. and Canada); or +1 310-751-2636 (International) or by email to ModivCareinfo@veritaglobal.com.  Please note that the Agent cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

## Exhibit 2

**Proof of Claim Form**

Your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/ModivCare

---

**Fill in this information to identify the case:**

Debtor _____

United States Bankruptcy Court for the Southern District of Texas

Case number _____

---

Modified Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

---

| **Part 1:** | **Identify the Claim** |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Country _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.  Claim number on court claims registry (if known) _____  Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

---

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _____ . **Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br><br>☐ Yes.   The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br><br>☐ Motor vehicle<br><br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                      $_____<br>**Amount of the claim that is secured:**    $_____<br>**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**  $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br><br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ |

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
　　　　　　　　　　　MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____<br>First name　　　　　　Middle name　　　　　　Last name |
| Title | _____ |
| Company | _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____<br>Number　　　　Street |
| | _____<br>City　　　　　　　　　State　　　　ZIP Code　　　Country |
| Contact phone | _____　　Email　_____ |

Modified Official Form 410
# Instructions for Proof of Claim
United States Bankruptcy Court                                                              12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571

---

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.**
Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**
ModivCare Claims Processing Center
c/o KCC dba Verita Global
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on Verita's website at https://www.veritaglobal.net/ModivCare

■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at https://www.veritaglobal.net/ModivCare.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**<u>Exhibit 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------- x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
MODIVCARE INC., et al.,                                  :   Case No. 25-90309 (ARP)
                                                         :
            Debtors.¹                                    :   (Jointly Administered)
                                                         :
------------------------------------------------------- x
```

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING
FOR CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

> **IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU MUST FILE
> YOUR PROOF OF CLAIM ON OR BEFORE THE GENERAL BAR DATE OF OCTOBER
> 1, 2025, AT 5:00 P.M. (PREVAILING CENTRAL TIME).**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On August 20, 2025 (the "***Petition Date***"), ModivCare Inc. and certain of its affiliates (the "***Debtors***") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas (the "***Court***"). On August 21, 2025, the Court entered an order [Docket No. ●] (the "***Bar Date Order***") establishing certain deadlines for the filing of proofs of claim in the Debtors' chapter 11 cases.

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before 5:00 p.m. (prevailing Central Time), on October 1, 2025, at 5:00 p.m. (prevailing Central Time) (the "***General Bar Date***"), by sending an original proof of claim form to Kurtzman Carson Consultants, LLC dba Verita Global (the "***Agent***"), or by completing the online proof of claim form available at https://www.veritaglobal.net/ModivCare, so that it is **actually received** on or before the General Bar Date; provided that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for such governmental units to file a proof of claim against the Debtors is February 16, 2026 at 5:00 p.m.

---

¹       A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https:// https://www.veritaglobal.net/ModivCare. Debtor ModivCare Inc.'s principal place of business and the Debtors' service address in the Chapter 11 Cases is 6900 E. Layton Avenue, Suite 1100 & 1200, Denver, Colorado 80237.

(prevailing Central Time) (the "***Governmental Bar Date***").  Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through the Agent's website.  Proofs of claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in the Chapter 11 Cases.

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

A copy of the Bar Date Order and proof of claim form may be obtained by contacting the Agent, in writing, at ModivCare Inc. Claims Processing Center c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or online at https://www.veritaglobal.net/ModivCare.  The Bar Date Order can also be viewed on the Court's website at https://ecf.txsb.uscourts.gov/.  If you have questions concerning the filing or processing of claims, you may contact the Agent, toll-free at 888-733-1521 or, if calling from outside the United States or Canada, at +1 310-751-2636 or via email at ModivCareinfo@veritaglobal.com. Please note that the Agent cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.