IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
MODIVCARE INC., *et al.*, : Case No. 25-90309 (ARP)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

**FINAL ORDER (A) AUTHORIZING DEBTORS TO
PAY PREPETITION TRADE CLAIMS IN THE ORDINARY
COURSE OF BUSINESS AND (B) GRANTING RELATED RELIEF**
[Relates to Docket ~~No~~Nos. ~~—~~6 & 64]

Upon the emergency motion (the "*Motion*")[2] of the Debtors for entry of a final order (this "*Final Order*") (a) authorizing the Debtors to pay, in the ordinary course of business, the undisputed prepetition Trade Claims of the Trade Vendors and (b) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion, the First Day Declaration, ~~and~~ the Interim Order entered on ~~[●]~~**August 21, 2025, and the *Order Authorizing Debtors to Make Payments in Excess of Interim Cap Under Interim Critical Vendor Order* [Docket No. 334] (the "*Second Interim Vendor Order*")**; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "*Chapter 11 Cases*") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/ModivCare.  Debtor ModivCare Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 6900 E. Layton Avenue, Suite 1100 & 1200, Denver, Colorado 80237.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

US-DOCS\163705338

States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized, but not directed, to pay, in the ordinary course of business and in their discretion, some or all of the prepetition Trade Claims of the Trade Vendors, subject to the following:

    a. The Debtors, in their discretion and subject to the limitations set forth below, shall determine which Trade Claims, if any, will be paid pursuant to this Final Order.

    b. If a creditor accepts payment under this Final Order, such creditor is deemed to have agreed to continue to provide goods or services to the Debtors on terms that are as good as or better than the terms and conditions, including credit terms, that existed 180 days before the Petition Date (before any unilateral acceleration), or on other terms satisfactory to the Debtors in their business judgment (the "*Customary Trade Terms*"), during the pendency of and after the Chapter 11 Cases. ~~Any Trade Vendor that accepts an order of goods or services from the Debtors after the entry of this Final Order shall be deemed to have agreed to provide goods or services on Customary Trade Terms, regardless of the existence of prepetition amounts owed.~~

    c. In the event that the relationship between a creditor accepting payment under this Final Order and the Debtors does not extend to 180 days before the Petition Date, the Customary Trade Terms shall mean the terms that the creditor generally extends to its customers or such terms as are acceptable to the Debtors in their business judgment.

    d. If a creditor accepts payment under this Final Order and thereafter does not continue to provide goods or services on at least the Customary Trade Terms during the pendency of the Chapter 11 Cases, then (i) any payment on a

|     | |
| --- | --- |
| | prepetition claim received by such creditor shall be deemed to be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code and, therefore, recoverable by the Debtors in cash upon written request (or to deem such payment to apply instead to any postpetition amount that may be owing to such creditor) and (ii) upon recovery by the Debtors (or deemed postpetition payment), any such prepetition claim shall be reinstated as if the payment had not been made, and (iii) the Debtors are authorized to pursue any other remedy available to them under this Final Order, applicable law, or any executed agreement with such party. |
| e. | If the Debtors seek to recover a payment from (or reallocate a payment to) a creditor because the creditor does not continue to provide goods or services to the Debtors on at least the Customary Trade Terms during the pendency of the Chapter 11 Cases, the creditor may contest such action by making a written request (a "*Request*") to the Debtors to schedule a hearing before this Court. If a Request is made, the Debtors shall provide notice of a hearing on such Request to the creditor making the Request and other interested parties in accordance with the Bankruptcy Code and the orders of this Court. |
| f. | Before making a payment to a creditor under this Final Order, the Debtors may, in their discretion, settle all or some of the prepetition claims of such creditor for less than their face amount without further notice or hearing. |
| g. | The Debtors shall maintain a matrix summarizing: (i) the aggregate amount of payments made to each category of Trade Claims, as further described and classified in the Motion; (ii) the Debtor or Debtors that made the payment; ~~and~~ (iii**) the payment date; and (iv) in respect of any single payment made to creditors under this Final Order that exceed $150,000: (A) the name of the payee; (B) the amount of the payment; (C) the category, nature, or type of payment; (D) the payment due; (E) the Debtor or Debtors that made the payment; and (F**) the payment date. On a ~~monthly~~**bimonthly** basis, the Debtors shall deliver an updated copy of the matrix, on a professional-eyes-only basis, to counsel to the First Lien Agent and the Consenting Creditors and ~~any statutory committee appointed in these Chapter 11 Cases~~**the Official Committee of Unsecured Creditors (the "*Committee*")** no later than ~~fourteen~~**five** (~~14~~**5**) business days from the **15th of each month and each** month's end. |
| h. | Notwithstanding anything above to the contrary, the Debtors shall provide to counsel to the First Lien Agent ~~and~~**,** Consenting Creditors**, and the Committee** with two business days' notice (email being sufficient) of payments **proposed to be made under this Final Order** to a single Trade Vendor on account of any such prepetition Trade Claims in an aggregate amount in excess of $~~5,000,000 but less than $10,000,000~~**1,000,000**, which notice shall include a summary including (i) the name of the Trade Vendor, (ii) the amount proposed to be paid to the Trade Vendor, and (iii) the reason for payment; *provided* that, except with respect to Transportation Vendors, the Debtor shall not make payments to a single Trade Vendor on account of such prepetition Trade Claims in an aggregate amount in excess of $10,000,000 without the prior written consent of the First |

3

     Lien Agent, at the direction of the Required Consenting First Lien Lenders (as defined in the RSA) (email from counsel to the First Lien Agent being sufficient), not to be unreasonably delayed, conditional or withheld.

  2.  The Debtors are authorized, but not directed, in their discretion, to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment of goods or provision of services under the Prepetition Purchase Orders consistent with their customary past practice.  Further, the undisputed obligations of the Debtors arising under the Prepetition Purchase Orders shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

  3.  The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations (whether such checks or fund transfers were presented before or after the petition date), to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

  4.  The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

5. Nothing in the Motion or this Final Order, nor the Debtors' implementation of the relief granted in this Final Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Trade Vendors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or acceptable goods, or (d) contest the amount of any invoice or claim on any grounds.

6. Nothing in the Motion or this Final Order, or any payment made pursuant to this Final Order, is intended to be or shall be deemed as (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to the Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.  Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

7. Nothing herein shall impair or prejudice the rights of the Committee, which are expressly reserved, to object to any payment made pursuant to this Final Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or any affiliate of an insider to the Debtors.  To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall provide five (5) business days' advance notice to, and an opportunity to object by, the Committee; *provided* that if any party objects to a payment, the Debtors shall not make such payment without further order of this Court.

8. ~~7.~~ Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9. Nothing contained in this Final Order shall (a) create or perfect any rights in favor of or enhance the priority of any claim held by any party as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien, in favor of any person or entity, that existed as of the Petition Date. Further, nothing in this Final Order shall encumber assets that are unencumbered on or after the Petition Date.

10.    8. Notwithstanding anything to the contrary herein, the Debtors will take reasonable efforts to provide a copy of this Final Order to any creditor or Trade Vendor when making any payment pursuant to this Final Order (unless previously provided to such party).

11.    **Notwithstanding anything to the contrary set forth herein, none of this Final Order, the Interim Order, the Second Interim Vendor Order, or any of the findings contained in either such order waives, limits, or otherwise impairs any objections or arguments that the Committee or any other party in interest has, or may have, with respect to the relief sought by the Debtors in connection with confirmation of the plan of reorganization [Docket No. 119] or the Debtors' motion for postpetition financing and use of cash collateral [Docket No. 4], including (but not limited to) the proposed milestones, adequate protection liens, or waivers of the Debtors' statutory rights set forth therein. None of the evidence admitted in connection with the First Day Hearing or the hearing on the Second Interim Vendor Order shall be considered in any future hearing unless that evidence is independently offered and admitted at such future hearing and the rights of all parties with respect to the admission of that evidence are reserved.**

12.    9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

13.    10. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

14.    11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

7

Signed: _____, 2025
         Houston, Texas                                    UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera Compare for Word 11.10.0.38 Document comparison done on 9/29/2025 9:54:17 AM ||
|---|---|
| **Style name:** Firm Standard ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** ModivCare - Original Propsoed Final CV Order [filing version].docx ||
| **Modified filename:** ModivCare - Critical Vendor Final Order .docx ||
| **Changes:** ||
| **Add** | 27 |
| **Delete** | 17 |
| Move From | 0 |
| Move To | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 44 |