IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MODIVCARE, INC., *et al.*,[1] | § | Case No. 25-90309 (ARP) |
| | § | (Chapter 11) |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

**WAYSTAR, INC.'S OBJECTION TO DEBTORS' NOTICE OF
POTENTIAL ASSUMPTION OF CERTAIN OF DEBTORS'
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**[This instrument relates to Docket No. 605]**

TO THE HONORABLE ALFREDO R. PÉREZ, U.S. BANKRUPTCY JUDGE:

Creditor and executory contract Counter-party Waystar, Inc. ("Waystar"), by and through its undersigned counsel, files this Objection (the "Objection") to the proposed cure amount indicated in the Debtors' *Notice of Potential Assumption of Certain of Debtors' Executor Contracts and Unexpired Leases* [Docket No. 605] (the "Cure Notice"). In support of this Objection, Waystar states the following:

**PRELIMINARY STATEMENT**

1. Waystar does not object to the Debtors' (as defined below) assumption of the Waystar Agreement (as defined below); however, Waystar respectfully asserts that the cure amount for the Waystar Agreement must include all amounts due and owing under the same and address all non-monetary defaults that must be cured, and the Debtors must provide adequate assurance of future performance under the Waystar Agreement. The Cure Notice asserts that the amount due to Waystar in order to cure any defaults and/or to satisfy amounts payable as of the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/ModivCare. Debtor ModivCare Inc.'s principal place of business and the Debtors' service address in the Chapter 11 Cases is 6900 E. Layton Avenue, Suite 1100 & 1200, Denver, Colorado 80237.

4898-6021-5679v.1 69115-5 12/7/2025

date of assumption totals $0.00. However, Waystar asserts that such amount totals no less than approximately $175,310.07.

## FACTUAL AND PROCEDURAL BACKGROUND

2.  On August 20, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Subsequent to the Petition Date, the Debtors have continued to manage their assets and businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

3.  Prior to the Petition Date, the Debtors entered into that certain Subscriber Agreement with Waystar dated on or about January 23, 2013, as may have been subsequently amended or supplemented as of March 31, 2025, pursuant to which Waystar provided certain proprietary software services to be used in connection with the Debtors' business operations (the "Waystar Agreement"). The Waystar Agreement is an executory contract that was in effect continuously since 2013 and during this Chapter 11 proceeding.

4.  The Debtors seek to assume certain executory contracts pursuant to the *Joint Chapter 11 Plan of Reorganization of ModivCare Inc. and Its Debtors Affiliates* [Docket 119] (the "Plan"). On October 17, 2025, the Court entered its *Amended Order (A) Approving Disclosure Statement; (B) Scheduling Confirmation Hearing; (C) Establishing Related Objection and Voting Deadlines; (D) Approving Related Solicitation Procedures, Ballots, and Release Opt-Out Forms and Form and Manner of Notice; (E) Approving Procedures for Assumption of Executory Contracts and Unexpired Leases; (F) Approving Equity Rights Offering Procedures and Related Materials; and (G) Granting Related Relief* [Docket No. 552] (the "Solicitataion Procedures Order").

5. On October 30, 2025, the Debtors filed the Cure Notice.

6. Per the Cure Notice, any objections to a stated cure amount will be heard at the hearing to consider confirmation of the Plan on December 8, 2025 at 9:00 A.M. (CST).

## **OBJECTION**

7. In order to assume an executory contract, a debtor must, at the time of assumption: (i) cure all existing defaults; (ii) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and, (iii) provide adequate assurance of future performance under the contract.[2] A debtor's assumption of a contract must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract.[3] As such, the proper cure amount must include all unsatisfied liabilities and obligations that have arisen or accrued under the Waystar Agreement as of and after the Petition Date.[4]

8. The Cure Notice identifies executory contracts that may be assumed by the Debtors and proposed cure amounts to be paid to each counterparty as required by 11 U.S.C. § 365(b)(1). As it pertains to the Waystar Agreement, Schedule 1-C of the Cure Notice indicates that the Debtors have two contracts with Waystar: (i) between Waystar and Debtor ModivCare Solutions, LLC; and, (ii) between ZirMed, Inc (an affiliate of Waystar) and Debtor Valued Relationships, Inc.  The Cure Notice lists both contracts as being assumed for a $0.00 cure amount. *See Cure Notice*, at Schedule 1-C, pp. 324, 333. As of the date of filing this Objection, however, the correct cure amount due to Waystar from the Debtors in connection with the assumption of the Waystar Agreement, and any other executory contract between the Debtors and Waystar or any of its

---

[2] 11 U.S.C. § 365(b)(1).

[3] *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing the requirement that a debtor assume a contract "*cum onere*"); *In re Fleming Cos., Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same).

[4] *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

affiliates, is no less than approximately $175,310.07. Waystar has supporting documentation to evidence this cure amount, including unpaid prepetition invoices. Waystar will provide the actual invoices and the parties' contract upon written request and subject to receiving adequate assurance of the protection of confidential proprietary information contained in such documents.

9. Given the foregoing, Waystar objects to the proposed cure amount insofar as it does not satisfy all of the Debtors' obligations under the Waystar Agreement as required by Section 365 of the Bankruptcy Code, including, without limitation, that it does not account for amounts that may become due under the Waystar Agreement after the contract is assumed, but which may relate to the pre-assumption period. Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Waystar Agreement must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the contract until the effective date of assignment, notwithstanding the proposed cure amount.

10. Furthermore, the Debtors must be required to provide adequate assurance of its ability to perform under the Waystar Agreement, and to comply with all contractual obligations to indemnify and hold Waystar harmless for events that occurred before the assumption, but which were not known to Waystar as of the date of the assumption of the contract. In light of the foregoing, and because the cure amount stated in the Cure Notice is inaccurate, Waystar objects to such notice or any assumption of its executory contract until the above-referenced issues have been satisfactorily remedied.

**RESERVATION OF RIGHTS**

11. Waystar reserves its rights to supplement this Objection to add additional sums that may accrue and/or become due under the Waystar Agreement after the date hereof.

## PRAYER

Waystar respectfully requests that: (i) this Court sustain this Objection; (ii) condition any order approving the assumption of the Waystar Agreement consistent with this Objection; and, (iii) grant Waystar such other and further relief to which it may be justly entitled, both at law and in equity.

**DATED: December 7, 2025**

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Sean B. Davis*
Sean B. Davis
Texas Bar No. 24069583
S.D. Tex. No. 1048341
600 Travis Street, Suite 5200
Houston, Texas 77002
(713) 650-8400 (Telephone)
(713) 650-2400 (Facsimile)
E-mail: sbdavis@winstead.com

**ATTORNEYS FOR WAYSTAR, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2025, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District.

*/s/ Sean B. Davis*
One of Counsel