**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 25-90309** |
| **MODIVCARE, INC.** | § | |
| | § | |
| | § | |
| **DEBTOR** | § | |

### MODIVCARE TOPCO, LLC'S REQUESTS FOR PRODUCTION TO WHITE & CASE, LLP

To:   White & Case, LLP via U.S. mail to 1221 Avenue of the Americas, New York, New

York 10020, and via email to the following individuals on March 12, 2026:

- Charles Koster (charles.koster@whitecase.com)

- Ashley Chase (ashley.chase@whitecase.com)

- Scott Greissman (sgreissman@whitecase.com)

- Gregory F Pesce (gregory.pesce@whitecase.com)

- Christopher Shore (cshore@whitecase.com)

- Jason N. Zakia (jzakia@whitecase.com)

- Andrew Zatz (azatz@whitecase.com)

Pursuant to FED. R. CIV. P. 34, ModivCare Topco, LLC (**"ModivCare"**) serves this

Requests for Production to White & Case, LLP (**"W&C"**). W&C's responses shall be served on

ModivCare through its attorneys, Walker & Patterson, P.C. c/o Miriam T. Goott, by electronic

transmission at mgoott@walkerandpatterson.com, within thirty (30) days of service of these

Requests.

1

## <u>DEFINITIONS AND INSTRUCTIONS</u>

**For purposes of these Request for Production, the following definitions apply:**

1. **"Billing Practices"** means any policies, directives, instructions, guidance, goals, targets, expectations, or commentary relating to the recording of time, the volume of hours billed or to be billed, the staffing of matters or tasks, the number of timekeepers assigned to any task or matter, the rates charged, voluntary reductions or write downs, or the review, revision, or editing of time entries.

2. **"Communication"** means any email, memorandum, instant message, text message, Slack message, Microsoft Teams message, or other written or electronic correspondence. Nothing in this definition is intended to require the production of communications protected by the attorney-client privilege or attorney work-product doctrine concerning legal strategy or mental impressions regarding the substantive legal issues in the Engagement.

3. **"Engagement"** means White & Case's retention as counsel to the Official Committee of Unsecured Creditors in In re ModivCare Inc., Case No. 25-90309, filed in the United States Bankruptcy Court for the Southern District of Texas.

4. **"Final Fee Application"** means the White & Case LLP's Final Application for Allowance of Compensation and Reimbursement of Expenses for the Period September 9, 2025 through December 29, 2025 filed by White & Case at ECF No. 1290.

5. **"Objection"** means the objection filed at ECF No. 1354 to White & Case LLP's Final Application for Allowance of Compensation and Reimbursement of Expenses for the Period September 9, 2025 through December 29, 2025 filed by White & Case at ECF No. 1290.

6. **"White & Case Personnel"** means any partner, associate, counsel, staff attorney, paraprofessional, legal assistant, project manager, litigation specialist, billing coordinator, finance department employee, or any other person employed by or affiliated with White & Case LLP who performed any function in connection with the Engagement.

7. **"Deposition Materials"** means any outline, script, question list, topic list, memorandum, template, or other preparatory document created, drafted, revised, or used by any White & Case Personnel in connection with the preparation for or conduct of any deposition taken during the

Engagement, including any subsequent iteration, revision, or adaptation of any such document for use in a later deposition.

**<u>INSTRUCTIONS</u>**

To the extent White & Case withholds any responsive document on the basis of attorney client privilege or work product protection, White & Case shall produce a privilege log identifying each withheld document by date, author, recipient, subject matter, and the specific privilege asserted.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Communications among White & Case Personnel concerning Billing Practices in connection with the Engagement, including but not limited to any communications regarding the volume of hours to be billed to the Engagement, any targets or expectations regarding fees to be generated from the Engagement, or any instructions or guidance regarding increasing or decreasing the amount of time recorded by any timekeeper on any task or matter.

**REQUEST NO. 2:**

All Communications among White & Case Personnel concerning the staffing of the Engagement, including but not limited to any communications regarding the number of timekeepers to be assigned to any hearing, deposition, committee call, drafting task, or document review project, or any communications regarding whether particular timekeepers should bill time to the Engagement or to any particular task within the Engagement.

**REQUEST NO. 3:**

All Communications among White & Case Personnel concerning the review, revision, editing, reduction, or write down of time entries recorded in connection with the Engagement, including but not limited to any communications regarding the "voluntary reductions" referenced in the Final Fee Application, any communications identifying specific entries to be reduced or written off, any communications regarding whether particular time entry descriptions should be revised before submission, and any communications regarding the criteria applied in determining which entries to reduce.

**REQUEST NO. 4:**

All Communications among White & Case Personnel concerning the $30 million demand referenced in the Objection, to the extent such communications relate to Billing Practices or the relationship between the demand and the anticipated or actual level of professional fees in the Engagement. This Request does not seek communications reflecting legal strategy or mental impressions.

4

**REQUEST NO. 5:**

All orders, opinions, rulings, or decisions issued by any bankruptcy court in any case in which White & Case LLP served as counsel, that reduced, denied, or disallowed fees or expenses sought by White & Case on the basis of overstaffing, excessive billing, duplicative services, block billing, vague or insufficient time entries, unnecessary litigation, scorched earth litigation tactics, litigation tactics generally, billing for services not reasonably likely to benefit the estate, billing for services not necessary to the administration of the case, frivolous or baseless pleadings, conduct adversarial to the estate, or any other billing practice or litigation conduct that resulted in a judicial finding that fees requested by White & Case were unreasonable, unnecessary, or otherwise not compensable.

**REQUEST NO. 6:**

All pleading filed in any bankruptcy court in any case in which White & Case LLP served as counsel that alleged or asserted that White & Case LLP: (a) overstaffed matters; (b) excessively billed; (c) duplicated services; (d) engaged in block billing; (e) submitted vague or insufficient time entries; (f) pursued unnecessary litigation; (g) employed "scorched earth" litigation tactics or other improper litigation tactics; (h) billed for services not reasonably likely to benefit the estate; (i) billed for services not necessary to the administration of the case; (j) filed frivolous or baseless pleadings; or (k) engaged in conduct adverse to the estate.

**REQUEST NO. 7:**

All pleadings filed in any bankruptcy court in any case in which White & Case LLP served as counsel in which any party requested, sought, or argued for the reduction, denial, modification, or disallowance of any attorney's fees or costs requested by White & Case LLP, regardless of whether such request or objection was sustained, overruled, or otherwise resolved.

**REQUEST NO. 8:**

All Communications among White & Case Personnel referencing the Consenting Creditors' Statement filed at Docket No. 589, to the extent such communications relate to Billing Practices, staffing decisions, or the volume of fees being generated in the Engagement. This Request does not seek communications reflecting legal strategy or mental impressions regarding the substantive

response to the Statement, but solely communications regarding whether and how the Statement should affect billing or staffing decisions.

**REQUEST NO. 9:**

All Communications among White & Case Personnel concerning the preparation, drafting, or review of the Final Fee Application, including but not limited to any communications regarding the assignment or reassignment of time entries to project codes or billing categories, any communications regarding the allocation of time entries across multiple project categories, any communications regarding the "overlap" between project categories that White & Case acknowledges in the Final Fee Application, any communications regarding which project code a particular time entry should be billed to or categorized under, any communications regarding the narrative descriptions included in the Final Fee Application, and any communications regarding how the work performed by White & Case Personnel should be presented, described, or organized in the Final Fee Application.

**REQUEST NO. 10:**

All deposition outlines prepared, drafted, revised, or used by any White & Case Personnel in connection with any deposition taken during the Engagement. White & Case may redact portions of any deposition outline reflecting attorney strategy, confidential client information, or other protected work product to address any privilege concerns.

**REQUEST NO. 11:**

All documents sufficient to show any internal budget, fee estimate, fee projection, or anticipated fee range prepared, drafted, or considered by White & Case LLP in connection with the Engagement, regardless of whether such budget, estimate, projection, or range was finalized, approved, or filed.

**REQUEST NO. 12:**

All Communications among White & Case Personnel concerning whether a budget, fee estimate, fee projection, or anticipated fee range should be prepared or filed in connection with the

Engagement, including any Communications discussing reasons for preparing, not preparing, filing, or not filing such a budget or estimate.

**REQUEST NO. 13:**

All Communications among White & Case Personnel concerning whether the professional fees incurred or anticipated to be incurred in connection with the Engagement were excessive, unusually high, disproportionate to the matters at issue, likely to draw objection, or otherwise at risk of reduction or disallowance by the Court.

**REQUEST NO. 14:**

All Communications among White & Case Personnel concerning the entry of time after the work was performed, including any Communications concerning delayed time entry, reconstruction of time entries, or instructions to enter time for prior dates.

**REQUEST NO. 15:**

All documents sufficient to show the date and time each time entry billed to the Engagement was created, entered into White & Case LLP's billing system, modified, or submitted for billing, including any audit logs, metadata, or system reports reflecting the creation, modification, and history of such entries.

**REQUEST NO. 16:**

All documents sufficient to identify the billing or timekeeping system used by White & Case LLP in connection with the Engagement,

Dated: March 12, 2026

Respectfully submitted,

By: _/s/ Miriam Goott_
　　　Miriam T. Goott
　　　Attorney-in-charge
　　　SBN 24048846
　　　**COUNSEL FOR MODIVCARE TOPCO, LLC**

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
mgoott@walkerandpatterson.com


## CERTIFICATE OF SERVICE

I, Miriam T. Goott, hereby certify that a true and correct copy of the foregoing **Requests for Production** has been served upon White & Case LLP, via U.S. mail at 1221 Avenue of the Americas, New York, New York 10020, and via email to the following individuals on March 12, 2026:

- Charles Koster (charles.koster@whitecase.com)

- Ashley Chase (ashley.chase@whitecase.com)

- Scott Greissman (sgreissman@whitecase.com)

- Gregory F Pesce (gregory.pesce@whitecase.com)

- Christopher Shore (cshore@whitecase.com)

- Jason N. Zakia (jzakia@whitecase.com)

- Andrew Zatz (azatz@whitecase.com)


By: */s/ Miriam T. Goott*
Miriam T. Goott