**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MODIVCARE INC., *et al.*, | ) | Case No. 25-90309 (ARP) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**WHITE & CASE, LLP'S RESPONSES AND OBJECTIONS TO**
**THE REORGANIZED DEBTORS' REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to this matter by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), White & Case, LLP ("**White & Case**"), by and through its undersigned counsel, hereby responds and objects (the "**Responses and Objections**") to *ModivCare TopCo, LLC's Requests for Production to White & Case, LLP* (the "**Requests**," and each a "**Request**") served by the reorganized debtors of the above-captioned debtors and debtors in possession (the "**Reorganized Debtors**") on March 12, 2026.

**GENERAL OBJECTIONS**

The following general objections ("**General Objections**") apply to each definition ("**Definition**"), instruction ("**Instruction**"), and Request, and shall have the same force and effect as if fully set forth in the response to each individual Request. To the extent that White & Case responds to a Request, White & Case reserves all objections as to relevance, materiality, competence, confidentiality, propriety, privilege, and admissibility, as well as to any and all other

---

[1]   A complete list of each of the Debtors in these chapter 11 cases (the "Chapter 11 Cases") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/Modivcare.  Debtor Modivcare Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 6900 E. Layton Avenue, Suite 1100 & 1200, Denver, Colorado 80237.

133106386

objections on any ground that would require or permit the exclusion of the response, or any portion of the response, if the response were offered into evidence.  White & Case objects as follows:

1.      White & Case objects to each Definition, Instruction, and Request to the extent they purport to impose different or broader requirements or obligations than those contained in the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the Southern District of Texas, the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas, or any other applicable law, rule, or order of this Court (collectively, the "**Rules**").  White & Case will construct and respond to the Requests in a manner consistent with White & Case's obligations under the Rules.

2.      White & Case objects to the Requests to the extent that they purport to require White & Case to conduct anything beyond a reasonable search for readily accessible information relevant, probative, and proportional to the needs of assessing the relief sought in *White & Case LLP's Final Application for Allowance of Compensation and Reimbursement of Expenses for the Period From September 9, 2025 Through December 29, 2025* [Dkt. No. 1290] (the "**W&C Fee Application**").

3.      White & Case objects to the Requests to the extent that they are overbroad, unduly burdensome, cumulative, or duplicative, not proportional to the needs of the case, or designed to harass White & Case.  White & Case objects to the Requests to the extent that they call for the production of "all" or "any" Documents pertaining to a subject on the grounds that such Requests are overly broad, unduly burdensome and not proportional to the needs of the case so as to make it impossible to identify the limits of the inquiry.  To the extent White & Case produces documents in response to any Request, White & Case does not represent that "all" or "any" documents responsive to any Request will be collected or produced.

4.    White & Case objects to each and every Request to the extent that it is not reasonably limited in time or otherwise not limited to a time frame relevant to the W&C Fee Application.  Each such Request is overly broad, unduly burdensome, and seeks the discovery of information or documents that are not relevant to the subject matter of this proceeding and/or not proportional to the needs of this case.

5.    White & Case objects to the Requests to the extent that they seek disclosure of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other protection, privilege or immunity against disclosure available under any applicable law (collectively, "**Privileged Materials**").  To the extent White & Case produces documents, White & Case will not produce any Privileged Materials.  White & Case expressly reserves the right to redact non-responsive, proprietary, commercially sensitive, privileged or protected portions of any documents that may be produced in response to the Requests.  Pursuant to Federal Rule of Evidence 502(d) as well as any other applicable laws, rules, regulations, court orders, or agreements, if any Privileged Material is inadvertently produced or disclosed, White & Case does not waive or intend to waive any privilege or immunity from discovery pertaining to such Privileged Material or to any other documents or information and reserves the right to demand the return of all copies of any such document(s).  To the extent that there are inconsistencies in the types of privilege or other protections asserted with respect to various copies of the same document, the most comprehensive privilege or protection is intended to apply to all copies of such document.

6.    White & Case objects to the Requests to the extent that they seek documents containing confidential, personal, private, proprietary, or sensitive business information; or information protected from disclosure by any law (including, but not limited to, foreign laws),

court order, or any agreement with respect to confidentiality or non-disclosure (collectively, "**Confidential Materials**"). White & Case reserves the right to redact any documents that may be produced including, but not limited to, the right to redact personally identifying information.

7. White & Case objects to each Request to the extent it expressly or impliedly assumes the existence of facts or circumstances that do not or did not exist, or states or assumes legal or factual conclusions. White & Case does not admit any factual or legal premise in these Requests. White & Case's Responses and Objections should not be construed as: (a) any admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgment that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, items, materials, communications, or information; (f) an admission, concession, or waiver as to the validity of any claim or defense; or (g) an agreement that requests for similar documents, items, materials, communications, or information will be treated similarly.

8. White & Case objects to each Request to the extent that it seeks information that is in the possession, custody, or control of the Reorganized Debtors, publicly available, or can be obtained from another more convenient, less expensive, or less burdensome source.

9. White & Cases objects to each Request to the extent that it seeks to impose an obligation to provide information not in White & Case's possession, custody, or control, or to create documents that do not exist.

10. To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive

or accurate.

11.     White & Case objects to each Request to the extent that it requires White & Case to search for and produce electronically stored documents from sources that are not reasonably accessible because of undue burden or cost.

12.     White & Case preserves (a) all rights to object on any ground to the use of any document or information produced in response to the Requests or the subject matter thereof, in any proceeding; and (b) all rights to object on any ground to any request for further responses to the Requests or any other document request.

13.     Any documents produced in response to any Request are solely for use in these chapter 11 cases and shall be governed by the terms of the *Confidentiality Agreement and Stipulated Protective Order* [Dkt. No. 174] (the "**Protective Order**").

14.     The Responses and Objections represent White & Case's present knowledge, information, and belief.  White & Case reserves the right to supplement, amend, correct, clarify or modify these responses and objections as additional information becomes known, including based on discovery and future developments in this action.

## OBJECTIONS TO DEFINITIONS

White & Case objects to the following definitions in the Requests.  The failure to object to any of the definitions shall not be deemed a waiver of any objections or a concession that any of the definitions are factually accurate.

1.      White & Case objects to the Definition of "Billing Practices" as it contains improper assumptions concerning alleged billing "goals, targets, [or] expectations" and "revision or editing of time entries."  White & Case further objects to the Definition of "Billing Practices" as vague and ambiguous for its use of "commentary" and "volume of hours," which are undefined.

2.      White & Case objects to the Definition of "Communication" to the extent that it purports to impose burdens or obligations on White & Case that are broader than, inconsistent with, or not authorized by the Rules.  White & Case further objects to this Definition on the grounds that it is overbroad, unduly burdensome, seeks to impose burden and expense that outweigh their benefits, and is not proportional to the needs of the W&C Fee Application.

3.      White & Case objects to the Definition of "White & Case Personnel" as vague and ambiguous, overbroad, seeking to impose burden and expense that outweigh any benefit, and not proportional to the needs of the W&C Fee Application, because it purports to include "any other person . . . affiliated with White & Case."  White & Case will understand "White & Case Personnel" to refer only to those employed by White & Case.

4.      White & Case objects to the Definition of "Deposition Materials" as overbroad, seeking to impose burden and expense that outweigh any benefit, and not proportional to the needs of the W&C Fee Application especially in light of its purported inclusion of "any subsequent iteration, revision, or adaptation of any such document for use in a later deposition."  White & Case will understand "Deposition Materials" to refer to the specific materials enumerated in the Definition without reference to "any subsequent iteration, revision, or adaptation of any such document for use in a later deposition."

5.      White & Case objects to the terms or phrases defined by the Debtors to the extent that those terms and phrases are vague or ambiguous or beyond their customary meanings.  White & Case has made reasonable efforts to understand the terms in the Requests as used in context, but White & Case makes its responses and objections based on its understanding of such terms and reserves the right to amend the responses and objections herein if the Reorganized Debtors assert different meanings of such terms.

## OBJECTIONS TO INSTRUCTIONS

White & Case objects to the Instructions.  The Requests target the production of materials from White & Case, a law firm, related to work completed by White & Case during its retention in the above-captioned cases.  The burden to review and log Privileged Materials in response to such Requests is excessive and not proportional to the needs of the W&C Fee Application.  To the extent White & Case withholds any information on the basis of privilege, White & Case will seek to meet and confer regarding the Instructions as they relate to a privilege log.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, White & Case responds to the Reorganized Debtors' specific Requests as follows:

## REQUEST FOR PRODUCTION NO. 1

All Communications among White & Case Personnel concerning Billing Practices in connection with the Engagement, including but not limited to any communications regarding the volume of hours to be billed to the Engagement, any targets or expectations regarding fees to be generated from the Engagement, or any instructions or guidance regarding increasing or decreasing the amount of time recorded by any timekeeper on any task or matter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation.  White & Case further objects to this Request on the basis

7

that it is vague and ambiguous, including because it requests production of communications concerning "Billing Practices," a vague and ambiguous term as defined in the Requests. White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection. White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue. White & Case further objects to this Request as seeking information already in the Reorganized Debtors' possession and refers the Reorganized Debtors to communications by and among White & Case and Latham & Watkins, LLP concerning weekly budgets for work performed by White & Case during the Engagement.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 2**

All Communications among White & Case Personnel concerning the staffing of the Engagement, including but not limited to any communications regarding the number of timekeepers to be assigned to any hearing, deposition, committee call, drafting task, or document review project, or any communications regarding whether particular timekeepers should bill time to the Engagement or to any particular task within the Engagement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

White & Case incorporates its General Objections as though fully set forth herein. White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and

not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation. White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection. White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

## REQUEST FOR PRODUCTION NO. 3

All Communications among White & Case Personnel concerning the review, revision, editing, reduction, or write down of time entries recorded in connection with the Engagement, including but not limited to any communications regarding the "voluntary reductions" referenced in the Final Fee Application, any communications identifying specific entries to be reduced or written off, any communications regarding whether particular time entry descriptions should be revised before submission, and any communications regarding the criteria applied in determining which entries to reduce.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

White & Case incorporates its General Objections as though fully set forth herein. White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation. White & Case further objects to this Request as seeking

9

documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection.  White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.  White & Case further objects to this Request to the extent it is duplicative of Request No. 1.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

## REQUEST FOR PRODUCTION NO. 4

All Communications among White & Case Personnel concerning the $30 million demand referenced in the Objection, to the extent such communications relate to Billing Practices or the relationship between the demand and the anticipated or actual level of professional fees in the Engagement. This Request does not seek communications reflecting legal strategy or mental impressions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation.  White & Case further objects to the phrase "relationship between the demand and the anticipated or actual level of professional fees" as vague and ambiguous.  White & Case further objects to this Request as seeking documents or information

10

protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection.  White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 5**

All orders, opinions, rulings, or decisions issued by any bankruptcy court in any case in which White & Case LLP served as counsel, that reduced, denied, or disallowed fees or expenses sought by White & Case on the basis of overstaffing, excessive billing, duplicative services, block billing, vague or insufficient time entries, unnecessary litigation, scorched earth litigation tactics, litigation tactics generally, billing for services not reasonably likely to benefit the estate, billing for services not necessary to the administration of the case, frivolous or baseless pleadings, conduct adversarial to the estate, or any other billing practice or litigation conduct that resulted in a judicial finding that fees requested by White & Case were unreasonable, unnecessary, or otherwise not compensable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case further objects on the basis that the Request, which expressly relates to other cases, is on its face not relevant to the W&C Fee Application or the objection in this proceeding.  White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All" documents from "any case" without limitation.  White & Case further objects to the phrase "unnecessary litigation,

scorched earth litigation tactics, litigation tactics generally, billing for services not reasonably likely to benefit the estate, billing for services not necessary to the administration of the case, frivolous or baseless pleadings, conduct adversarial to the estate" as vague, ambiguous, and undefined.  White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.  White & Case further objects to this Request as overly burdensome and harassing because it seeks documents that, if they exist, are publicly available.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

## REQUEST FOR PRODUCTION NO. 6

All pleading [sic] filed in any bankruptcy court in any case in which White & Case LLP served as counsel that alleged or asserted that White & Case LLP: (a) overstaffed matters; (b) excessively billed; (c) duplicated services; (d) engaged in block billing; (e) submitted vague or insufficient time entries; (f) pursued unnecessary litigation; (g) employed "scorched earth" litigation tactics or other improper litigation tactics; (h) billed for services not reasonably likely to benefit the estate; (i) billed for services not necessary to the administration of the case; (j) filed frivolous or baseless pleadings; or (k) engaged in conduct adverse to the estate.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case further objects on the basis that the Request, which expressly relates to other cases, is on its face not relevant to the W&C Fee Application or the objection in this proceeding.  White & Case

12

further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All" documents from "any case" without limitation. White & Case further objects to the phrase "(f) pursued unnecessary litigation; (g) employed "scorched earth" litigation tactics or other improper litigation tactics; (h) billed for services not reasonably likely to benefit the estate; (i) billed for services not necessary to the administration of the case; (j) filed frivolous or baseless pleadings; or (k) engaged in conduct adverse to the estate" as vague, ambiguous, and undefined. White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue. White & Case further objects to this Request as overly burdensome and harassing because it seeks documents that, if they exist, are publicly available.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

## REQUEST FOR PRODUCTION NO. 7

All pleadings filed in any bankruptcy court in any case in which White & Case LLP served as counsel in which any party requested, sought, or argued for the reduction, denial, modification, or disallowance of any attorney's fees or costs requested by White & Case LLP, regardless of whether such request or objection was sustained, overruled, or otherwise resolved.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7

White & Case incorporates its General Objections as though fully set forth herein. White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White &

Case further objects on the basis that the Request, which expressly relates to other cases, is on its face not relevant to the W&C Fee Application or the objection in this proceeding.  White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All" documents from "any case" without limitation.  White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.  White & Case further objects to this Request as overly burdensome and harassing because it seeks documents that, if they exist, are publicly available.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 8**

All Communications among White & Case Personnel referencing the Consenting Creditors' Statement filed at Docket No. 589, to the extent such communications relate to Billing Practices, staffing decisions, or the volume of fees being generated in the Engagement. This Request does not seek communications reflecting legal strategy or mental impressions regarding the substantive response to the Statement, but solely communications regarding whether and how the Statement should affect billing or staffing decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and

not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation. White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection. White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

## REQUEST FOR PRODUCTION NO. 9

All Communications among White & Case Personnel concerning the preparation, drafting, or review of the Final Fee Application, including but not limited to any communications regarding the assignment or reassignment of time entries to project codes or billing categories, any communications regarding the allocation of time entries across multiple project categories, any communications regarding the "overlap" between project categories that White & Case acknowledges in the Final Fee Application, any communications regarding which project code a particular time entry should be billed to or categorized under, any communications regarding the narrative descriptions included in the Final Fee Application, and any communications regarding how the work performed by White & Case Personnel should be presented, described, or organized in the Final Fee Application.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

White & Case incorporates its General Objections as though fully set forth herein. White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and

not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation.  White & Case further objects to the Request as vague and ambiguous, including the phrase "assignment or reassignment of time entries."  White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection.  White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.  White & Case further objects to this Request to the extent it is duplicative of Request Nos. 1 and 3.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 10**

All deposition outlines prepared, drafted, revised, or used by any White & Case Personnel in connection with any deposition taken during the Engagement. White & Case may redact portions of any deposition outline reflecting attorney strategy, confidential client information, or other protected work product to address any privilege concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege,

immunity, or protection.  White & Case further objects to this Request as not relevant and because

the burden and expense of searching for responsive non-privileged communications, if any exist,

outweigh any benefits for the contested matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court

regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case

will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 11**

All documents sufficient to show any internal budget, fee estimate, fee projection, or anticipated
fee range prepared, drafted, or considered by White & Case LLP in connection with the
Engagement, regardless of whether such budget, estimate, projection, or range was finalized,
approved, or filed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

White & Case incorporates its General Objections as though fully set forth herein.  White

& Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not

proportional to the needs of the case, and harassing because, among other things, it seeks

information that is not relevant or necessary to the resolution of the W&C Fee Application or the

objection thereto, which can be resolved based on the record already before the Court.  White &

Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and

not proportional to the needs of the case, because, among other things, it seeks "All documents

sufficient to show" without limitation.  White & Case further objects to the Request as vague and

ambiguous, including the phrase "anticipated fee range."  White & Case further objects to this

Request as seeking documents or information protected by the attorney-client privilege, the

attorney work product doctrine, and/or any other applicable privilege, immunity, or protection.

White & Case further objects to this Request as not relevant and because the burden and expense

of searching for responsive non-privileged communications, if any exist, outweigh any benefits

for the contested matter at issue.  White & Case further objects to this Request as seeking information already in the Reorganized Debtors' possession and refers the Reorganized Debtors to, among other things, communications by and among White & Case and Latham & Watkins, LLP concerning weekly budgets for work performed by White & Case during the Engagement. White & Case further objects to this Request to the extent it is duplicative of Request No. 1.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

## REQUEST FOR PRODUCTION NO. 12

All Communications among White & Case Personnel concerning whether a budget, fee estimate, fee projection, or anticipated fee range should be prepared or filed in connection with the Engagement, including any Communications discussing reasons for preparing, not preparing, filing, or not filing such a budget or estimate.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation.  White & Case further objects to the Request as vague and ambiguous, including the phrase "anticipated fee range."  White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection.

White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue. White & Case further objects to this Request to the extent it is duplicative of Request Nos. 1 and 11.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 13**

All Communications among White & Case Personnel concerning whether the professional fees incurred or anticipated to be incurred in connection with the Engagement were excessive, unusually high, disproportionate to the matters at issue, likely to draw objection, or otherwise at risk of reduction or disallowance by the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

White & Case incorporates its General Objections as though fully set forth herein. White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation. White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection. White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested

matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 14**

All Communications among White & Case Personnel concerning the entry of time after the work was performed, including any Communications concerning delayed time entry, reconstruction of time entries, or instructions to enter time for prior dates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

White & Case incorporates its General Objections as though fully set forth herein. White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court. White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All Communications" without limitation. White & Case further objects to the Request as vague and ambiguous, including the phrase "delayed time entry, reconstruction of time entries." White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection. White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case

will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 15**

All documents sufficient to show the date and time each time entry billed to the Engagement was created, entered into White & Case LLP's billing system, modified, or submitted for billing, including any audit logs, metadata, or system reports reflecting the creation, modification, and history of such entries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All documents sufficient to show" without limitation.  White & Case further objects to this Request as seeking documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, immunity, or protection.  White & Case further objects to this Request as not relevant and because the burden and expense of searching for responsive non-privileged communications, if any exist, outweigh any benefits for the contested matter at issue.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 16**

All documents sufficient to identify the billing or timekeeping system used by White & Case LLP in connection with the Engagement[.]

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

White & Case incorporates its General Objections as though fully set forth herein.  White & Case objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and harassing because, among other things, it seeks information that is not relevant or necessary to the resolution of the W&C Fee Application or the objection thereto, which can be resolved based on the record already before the Court.  White & Case further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because, among other things, it seeks "All documents sufficient to identify" without limitation.

Subject to a meet and confer between the parties and absent an order from the Court regarding the need for, or appropriate scope of, discovery in this contested matter, White & Case will not produce documents responsive to this request at this time.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 2, 2026
Houston, Texas

*/s/ Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Email: charles.koster@whitecase.com

**WHITE & CASE LLP**
J. Christopher Shore (admitted *pro hac vice*)
Scott Greissman (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 819-8200
Facsimile:   (212) 354-8113
Email:        cshore@whitecase.com
                 sgreissman@whitecase.com

- and -

**WHITE & CASE LLP**
Jason N. Zakia (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:     (312) 881-5400
Facsimile:     (312) 881-5450
Email:  jzakia@whitecase.com
           gregory.pesce@whitecase.com

*Counsel for the Official Committee of Unsecured Creditors*